In the Matter of Richard L. KOCHELL, Debtor.

UNITED STATES of America, Appellant,

v.

William J. RAMEKER, Trustee, Appellee.

Bankruptcy No. MM7–82–00560.
No. 85–C–913–S.

United States District Court, W.D. Wisconsin.

Nov. 26, 1985.

Beth Sabbath, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Timothy A. Nettesheim, of Murphy & Desmond, Madison, Wis., for appellee.

Thomas J. Basting, Janesville, Wis., for debtor.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This case is an appeal from the Bankruptcy Court's decision holding that early distributions of an Individual Retirement Account (IRA) and a pension plan to a Chapter 7 bankruptcy estate are not subject to the 10 percent early withdrawal penalty tax set forth in 26 U.S.C. §§ 408(f), 72(m)(5). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(a) and 1334(a).

## FACTS

On December 23, 1982, the Bankruptcy Court, 26 B.R. 86, held that the debtor's IRA and pension accounts were not exempt property and were a part of the Chapter 7 bankruptcy estate. The debtor's IRA and pension funds were distributed to the bankruptcy estate in 1984.

The bankruptcy trustee filed a motion on or about February 21, 1985, requesting a determination of the taxes applicable to the bankruptcy estate under 26 U.S.C. §§ 402 and 408 by reason of the IRA distribution. A hearing was held before the Bankruptcy Court on March 11, 1985, with the United States opposing the trustee's motion. On August 26, 1985, 53 B.R. 250, the Bankruptcy Court held that the penalty set forth in 26 U.S.C. § 408(f)(1) did not apply to the distribution of the IRA to the bankruptcy estate. The United States has appealed the Bankruptcy Court's decision.

## MEMORANDUM

The sole issue in this appeal is whether the distribution of an IRA to a Chapter 7 bankruptcy estate is subject to the 10 percent early distribution penalty tax imposed by 26 U.S.C. § 408(f). Since this appeal presents a legal question only, this Court will address the issue *de novo*.

When a bankruptcy case is commenced, a bankruptcy estate is created. 11 U.S.C. § 541(a). The bankruptcy estate includes "all legal or equitable interests of the debtor in property, as of the commencement of the case." 11 U.S.C. § 541(a)(1). In other words, all the debtor's interests in property are transferred to the bankruptcy estate when the debtor commences bankruptcy.

The transfer of debtor's property from the debtor to the bankruptcy estate is not a taxable disposition, however. As 26 U.S.C. § 1398(f)(1) provides:

(1) Transfer to estate not treated as disposition.—A transfer (other than by sale or exchange) of an asset from the debtor to the estate shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the estate shall be treated as the debtor would be treated with respect to such asset.

According to the Committee Reports for the Bankruptcy Tax Act of 1980, which enacted § 1398, the purpose of § 1398(f)(1) was to insure that the transfer of an asset into the bankruptcy estate did not result in a taxable event requiring recognition of gain, loss, recapture income or acceleration of income to the debtor. H.R. No. 833, 96th Cong., 2d. Sess. (1980) (Bankruptcy Tax Act of 1980), p. 26; S.Rep. No. 1035, 96th Cong., 2d. Sess. (1980) (Bankruptcy Tax Act of 1980), p. 31, U.S.Code Cong. & Admin.News 1980, pp. 7017, 7045. Section 1398(f)(1) now makes clear that a transfer of an asset to the bankruptcy estate when bankruptcy is commenced is not a taxable disposition.

Once the bankruptcy estate possesses the debtor's interest in the asset, the bankruptcy estate succeeds to certain tax attributes the asset had in the hands of the debtor. Specifically, the estate succeeds to the basis, holding period, and character the asset had in the hands of the debtor. 26 U.S.C. § 1398(g)(6). These tax attributes of the asset, along with other enumerated tax attributes of the debtor, are taken into account when determining the tax liability of the bankruptcy estate.

At issue in this case is the bankruptcy estate's liability for a 10 percent early distribution penalty imposed by the early distribution of an IRA. 26 U.S.C. § 408(f).

In 1982, the Bankruptcy Court held that debtor's interest in an IRA was part of the bankruptcy estate and was not exempt property. Debtor's interest in the IRA was then transferred to the bankruptcy estate. The transfer to the estate was not a disposition that gave rise to any tax consequences. 26 U.S.C. § 1398(f).

Once the bankruptcy estate possessed debtor's interest in the IRA, the bankruptcy estate succeeded to the basis, holding period, and character of the IRA. The character of an asset generally means whether it is an ordinary income asset, capital asset, or trade or business asset. The IRA was an ordinary income asset in the hands of the debtor, and therefore was an ordinary income asset in the hands of the estate. 26 U.S.C. § 1398(g)(6).

Subsequently, debtor's interest in the IRA was distributed to the bankruptcy es-

tate. 26 U.S.C. § 408(f)(1) sets forth the tax consequence of an early distribution from an IRA. 26 U.S.C. § 408(f)(1) states:

    (f) Additional tax on certain amounts included in gross income before age 59½—

        (1) Early distributions from an individual retirement account, etc.—If a distribution from an individual retirement account or under an individual retirement annuity to the individual for whose benefit such account or annuity was established is made before such individual attains age 59½, his tax under this chapter for the taxable year in which such distribution is received shall be increased by an amount equal to 10 percent of the amount of the distribution which is includible in his gross income for such taxable year.

Read literally, the penalty provision of § 408(f)(1) only applies to an early distribution of an IRA to the individual for whose benefit the account was established. The penalty provision of § 408(f)(1) does not seem to apply to an early distribution of an IRA to the bankruptcy estate.

Appellant United States, however, argues that legislative history and policy dictate that the § 408(f)(1) penalty provisions apply in these circumstances. Appellant further argues that legislative history indicates that the only exceptions to the 10 percent penalty were distributions to the disabled and distributions after the death of the taxpayer. Appellant also argues that Congress' intent in enacting § 408(f)(1) was to deter liquidation of an IRA prior to the time the taxpayer reaches age 59½, dies, or is disabled, and that such intent would be defeated if § 408(f)(1) did not apply to this type of early distribution.

■ Guidance from Congressional intent, legislative history and policy is appropriate when the statute at issue is ambiguous. Here, however, the statute is not ambiguous. Section 408(f)(1) clearly states that it applies to distributions of an IRA "to the individual for whose benefit such account or annuity was established." A distribution to a bankruptcy estate is not a distribution to an individual for whose ben-

efit the account was established, just as a distribution to a decedent's estate, which appellant admits is excepted, is not a distribution to an individual for whose benefit the account was established. Accordingly, this Court finds that the early distribution of the IRA to the bankruptcy estate is not subject to a penalty under § 408(f)(1).

Appellant United States' second argument is that 26 U.S.C. §§ 1398(c)(1), (f)(1), and (g)(6) require that the bankruptcy estate be subject to the 10 percent penalty if the debtor would have been subject to the penalty. The Court, however, finds that none of these sections require that the 10 percent penalty be imposed on the bankruptcy estate.

■ 26 U.S.C. § 1398(c)(1) states that "the taxable income of the estate shall be computed in the same manner as for an individual." Section 1398(c)(1) requires that a bankruptcy estate be treated as an individual for tax purposes rather than a corporation, partnership, trust, or estate. Section 1398(c)(1) does not require that the bankruptcy estate be treated as if it were the individual debtor for tax purposes and therefore does not require the bankruptcy estate be liable for the 10 percent penalty.

■ 26 U.S.C. § 1398(f)(1), set forth above, provides that "the estate shall be treated as the debtor would be treated with respect to such asset." However, § 1398(f)(1) only applies to the treatment of the transfer of the asset from the debtor to the bankruptcy estate. Section 1398(f)(1) does not apply to the tax treatment of the asset in the bankruptcy estate after the initial transfer.

26 U.S.C. § 1398(g)(6), also discussed above, provides that the bankruptcy estate succeeds to the basis, holding period, and character the asset had in the hands of the debtor. As stated above, the character of the IRA is that of an ordinary income asset. Neither the basis, holding period, nor character of the IRA affects whether the IRA distribution results in the imposition of the 10 percent penalty.

Appellant's final argument is based on 26 U.S.C. § 408(f)(2), rather than § 408(f)(1). Section 408(f)(2) imposes a 10 percent penalty tax if the IRA is deemed distributed under § 408(c). 26 U.S.C. § 408(c)(2)(A) provides as follows:

(2) Loss of exemption of account where employee engages in prohibited transaction.—

(A) In general.—If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual or his beneficiary engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year. . . .

Under § 408(c)(2)(A), the IRA is deemed distributed only if the individual for whom the IRA was established, or the individual's beneficiary, engages in a transaction prohibited by 26 U.S.C. § 4975. Appellant argues that the bankruptcy trustee, as the debtor's beneficiary, engaged in a prohibited transaction. Appellant, however, offers no support for the novel position that the bankruptcy trustee is the debtor's beneficiary. Therefore, defendant's final argument also fails.

This Court concludes that the early distribution of an IRA to a Chapter 7 bankruptcy estate is not subject to the 10 percent early distribution penalty tax imposed by 26 U.S.C. § 408(f).

Accordingly,

## ORDER

IT IS ORDERED that the decision of the Bankruptcy Court is AFFIRMED.